## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEPHEN WALKER,

       Plaintiff,

v.

JEREMIAH BROWN, CORRECTIONAL
OFFICER HIGGINS, and NURSE
TONY,

       Defendants.

Case No. 3:25-cv-00510-GCS

## MEMORANDUM AND ORDER

**SISON, Magistrate Judge:**

Plaintiff Stephen Walker, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Walker alleges that he was denied care after an asthma attack in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1]    The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 6), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between the IDOC, Wexford Health Sources, Inc., and this Court.

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

**THE COMPLAINT**

On October 7, 2024, while housed in the restrictive housing unit at Lawrence, Walker suffered from an asthma attack. (Doc. 1, p. 15). Correctional Officer Higgins failed to make his wellness rounds, which are supposed to occur every thirty minutes. *Id*. Walker alleges that he did not have access to his asthma pump due to a policy created by Warden Jeremiah Brown, which prohibited inmates from possessing asthma pumps in their cells. *Id*. Instead, Walker's only option was to press the emergency panic button. But after several attempts to obtain assistance from Officer Higgins, Walker contacted the inmate in the neighboring cell for help. The inmate informed other inmates on the gallery, who began shouting, yelling, and banging on their cells to get the attention of Officer Higgins. *Id*.

After several minutes, Higgins finally appeared at Walker's cell. Higgins failed to obtain Walker's inhaler and directed Walker to cuff up. Walker alleges that he was lying on the floor and experiencing difficulties breathing, but Higgins still directed Walker to cuff up and threatened to leave him if he failed to comply. (Doc. 1, p. 16). After being cuffed, Higgins forced Walker to walk towards the healthcare unit until Walker passed out. *Id*.

Walker was taken to the healthcare unit where Nurse Newell connected him to a breathing machine after which Nurse Newell left the room. (Doc. 1, p. 17). Nurse Tony then entered the room and directed officers to return Walker to his cell despite him still

being connected to the breathing machine. *Id*. Walker believes Nurse Tony wanted to send him back to his cell because he previously wrote a grievance against Nurse Tony. *Id*. Nurse Newell noted that Walker had not completed his treatment, and the doctor had ordered he remain in the healthcare unit overnight. *Id*. Nurse Tony stated, "we'll see about that", waited until Nurse Newell went home at shift change, and then ordered that Walker be returned to his housing unit. *Id*. at p. 18. Walker believes he should have remained for observation because of the attack and because he was in cancer remission without his remission medication. *Id*. He also believes that he should have been placed in special housing with close access to medical staff due to his condition. *Id*.

DISCUSSION

Based on the allegations in the Complaint, the Court designates the following counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Correctional Officer Higgins for failing to obtain Walker prompt treatment for his asthma attack.**
>
> **Count 2:** **Eighth Amendment deliberate indifference claim against Nurse Tony for refusing to keep Walker for observation.**
>
> **Count 3:** **Eighth Amendment deliberate indifference claim against Jeremiah Brown for creating a policy preventing inmates from accessing their inhalers in their cells.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the** *Twombly* **pleading standard**.[2]

At this stage, Walker states viable claims against Higgins in Count 1 and Nurse Tony in Count 2 for their deliberate indifference in treating Walker's asthma attack. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). He also states a claim in Count 3 against Brown for creating a policy that prevented Walker from immediately accessing his inhaler in his cell during his asthma attack. *See, e.g.*, *Daniel v. Cook County*, 833 F.3d 728, 737 (7th Cir. 2016) (noting that an official can be liable if he created a policy that caused a constitutional violation).

MOTION FOR COUNSEL

In addition to his Complaint, Walker filed a motion for the recruitment of counsel. (Doc. 3). But his motion is completely blank. He fails to note any attempts to obtain counsel on his own, nor has he indicated why he is unable to represent himself. *Id*. at p. 1-2. Thus, Walker's motion is **DENIED**. Before Walker moves for counsel again, he should first: (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. If he is unable to contact an attorney, he should include a

---

[2]     This includes any potential claim against Defendants under the Fourteenth Amendment as Walker fails to specify how his Fourteenth Amendment rights were implicated by Defendants' actions. Walker also fails to state a First Amendment retaliation claim against Nurse Tony because he fails to allege when he wrote a grievance against the nurse. *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

statement explaining why he cannot meet this threshold requirement. Walker should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

**DISPOSITION**

For the reasons stated above, Count 1 shall proceed against Officer Higgins. Count 2 shall proceed against Nurse Tony and Count 3 shall proceed against Jeremiah Brown.

The Clerk of Court shall prepare for Officer Higgins, Nurse Tony, and Jeremiah Brown: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Walker. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Walker, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

**Because Walker's claims involve his medical care, the Clerk of Court is DIRECTED to enter the Court's standard HIPAA Qualified Protective Order.**

If judgment is rendered against Walker, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Walker is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED: June 2, 2025.**

Digitally signed by Judge Sison
Date: 2025.06.02
13:10:46 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**